E-FILED
Monday, 06 April, 2015  06:57:21 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
Central ~~NORTHERN~~ **DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Darrel Conway

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Case No: __115 cv 01122 SEM__
(To be supplied by the <u>Clerk of this Court</u>)

① Judges Schults, Gainer
Guzman, Esterbrook, Hamilton
Dorothy Brown, Anita Alvarez,
Dayna Woodbury, Kristen Mueller,
Ginger Leigh Odom, Steven David
Assistant States Attorneys
Officers & Detectives Unruh
Wardens Kim Butler, Randy Pfister
Officers Brockett, Office Bolte, Office Pens

(Enter above the full name of ALL
defendants in this action.  <u>Do not</u>
use "et al.")

**CHECK ONE ONLY:**

X     **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
       **U.S. Code** (state, county, or municipal defendants)

_____ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS") ACTION, TITLE**
       **28 SECTION 1331 U.S. Code** (federal defendants)

_____ **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING."  FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.   **Plaintiff(s):**

A.   Name: Darryl A Conway

B.   List all aliases: Rah ellah

C.   Prisoner identification number: M01100

D.   Place of present confinement: Pontiac Corr Center

E.   Address: P O Box 99 Pontiac, Ill 61764

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.  **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.   Defendant: Dorothy Brown, Anita Alvarez,

Title: Clerk & States Attorney,

Place of Employment: Cook County Criminal Courts Bldg

B.   Defendant: Dayna Woodbury, Kristen Mueller, Ginger Odom

Title: Public & Appellate Defenders

Place of Employment: Criminal Court & Appellate Court

C.   Defendant: Lisa Madigan

Title: Ill Attorney General

Place of Employment: Springfield Il

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

List of Defendants (cont...)

Defendant Grainey (Judge) Cook County Circuit Court

1) Judge Grainer (Judge) Cook County Circuit Court

2) Steven Ravid (Clerk) Appellate Court 1st District

3) Paul Biebel (Chief Judge) Cook County Circuit Court

4) Jeremy Unruh (Detective) Area 1 (51st; Wentworth)

5) Judge Guzman (Judge) US District Court Northern Dist

6) Judge Hamilton (appellate Judge) US Court of Appeals 7th Circuit

7) Judge Easterbrook (appellate Judge) US Court of Appeals 7th Ci

8) Warden Butler, Kim (warden) Menard Corr Center

9) Warden Pfister (Warden) Pontiac Corr Center

10) Officer Brockett, Officer Bolte, Officer Pena

III.  **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.  Name of case and docket number: 11 cv ???? 12 cv ???? 12 cv ????
13 cv ????

B.  Approximate date of filing lawsuit: Con't recall dates

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
D A Carlos Conway

D.  List all defendants: Butler, Hannaton, Atchison, D. Craig
Rednour, WGN, Cowell (officer)

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): US District Court (Southern & Northern Districts)

F.  Name of judge to whom case was assigned: Judge Reagan (Southern)
Northern (con't recall)

G.  Basic claim made: Violation of 1st amendment right
Cruel & unusual punishment
violation of 5th, 6th & 14th amendments

H.  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): dismissed.

I.  Approximate date of disposition: Con't recall

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.  CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

4B

**IV. Statement of Claim:** Petitioner seeks to file claim in this Court and make a substantial showing that petitioner is entitled to relief as defendants in the immediate cause have violated petitioners 14th amendment right to due process under the equal protection clause.

Based on the 4 prong standard in showing vindictive enforcement in violation of equal protection clause petitioner 1) exercised protected rights in regard to 5th & 6th amendments 2) prosecutors, trial attorneys, State attorneys Judges & appellate attorneys had stake in the exercise of those rights protected by the constitution 3) the conduct of prosecutors, States Attorneys, Clerks, Judges, trial & appellate attorneys was unreasonable 4) prosecution and proceedings were initiated with intent to punish plaintiff for exercise of protected right.

Prosecutors, Judges, attorneys, Clerks and other defendants have waived right to immunity and are similarly situated to be penalized for malicious prosecution from malicious motives

Petitioner is entitled to relief as petitioner was similarly situated according to constitutional, federal & state law as well as federal and state statutes that were by passed and violated in order to deprive petitioner of a fair hearing on the merits, in order to prove innocence. Petitioner has a right to remedy and justice according to the 14th & 5th amendments of the US Constitution and Article I Section 2 and Article I Section 12 of the Illinois Constitution as petitioner was deprived of life and liberty and denied due process & equal protection of the law and recieved no remedy for injuries & wrongs recieved.

Petitioner is entitled to proceed in forma pauperis as petitioner is in imminent threat of physical injury. Petitioner was abused by police and detectives @ area 1 (see un photo shopped pictures) Case # 05 CR 01259 Petitioner had his head busted in Cook County shortly after arrest and wound was not self inflicted (See medical file, 20040102174 inmate # ) (from around Dec 2004) fights with numerous inmates that went unreported due to fear of retribution for snitching. fights in Menard because someone told them nature of case (see Conway v Cowell 13' 12 cv ─ ─ ─ ─

5

Statement 9 Continued... esting detectives and States attorneys never gave plaintiff an opportunity as petitioner had no prior incidents with CPD as petitioner grew up out of State, or knew plaintiffs associations, treated petitioner like a suspect; never offered immunity, or any thing other than coercing petitioner to admit to a crime by promises of leiniency.

Warden Kim Butler allowed Menard staff to tamper with plaintiffs mail as petitioner has a 1st amendment right to correspond and conduct business pursuant Department Rule, See Conway v Butler 3:13cv_____ . This set plaintiff back by putting plaintiff in a position where plaintiff was not able to meet business obligations which caused financial damage in the immediate cause.

Warden Pfister & East House Officers have had petitioner placed in a suicide cell for over 2 weeks, Petitioner filed a DNR (Do not Resuscitate) form because medical staff are unprofessional as petitioner had an asthma attack and could not recieve treatment Yet another inmate who told petitioner he was faking an attack so he could get to sick call to "jag off" in front a female c/o got a breathing treatment. Petitioner is in a suicide cell yet inmates who take psychotrophic meds are in the general living areas and go on 72 hour suicide watches, Are really suicidal, have cut themselves, etc etc, but petitioner can't be moved back to regular status. Petitioner has started recieving negative treatment from staff since petitioner filed habeas corpus petition against Pfister. Officers Penz, Brockett & Bolte, have refused to give petitioner hot water when petitioner was In 112. Even on a suicide watch, Persons are entitled to food & water. And clean quarters. I had to wash up in ice cold water for 8 days & use my hand & a spoon to push defication down the toilet. That's cruel & unusall punishment.

6

**I** Relief: Petitioner seeks hearing in Circuit Court on Motion to dismiss indictment based on legal & statutory violations Petitioner seeks writ of habeas corpus to issue as petitioners constitutional rights were violated in that statements should have been suppressed petitioner seeks $2.3 million dollars in damages from wrongful incarceration and under ~~court case law pertaining to~~ sealing statute in which criminal defendants may refrain from divulging permission regarding arrest & prosecution upon termination of criminal proceedings in their favor. ~~Also under Illinois Revised statute 725 section Chapter 5 section 2 etc. 2-11-10~~ Petitioner also seeks malicious prosecution cost in that defendants pay any court cost as well as outstanding court cost of petitioner and any attorney fees. Transfer to New York or New Jersey state penitentiaries. If this Court is able to grant immediate release petitioner will take immediate release and $850,000 and prosecution takes court cost & any outstanding court cost.

**II** Plaintiff demands trial by jury

Certification

By signing this complaint, I certify that facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct I may be subject to sanctions by the Court

Signed this 18th day of April 2015

Darryl A Conway
Darryl Conway
M01100
P O Box 99
Pontiac, Illinois
61764

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 001

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 05CR0125901

    DARRYL       CONWAY

              CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
with the Clerk of the Circuit Court.

Charging the above named defendant with:

| | | | |
|---|---|---|---|
| A | 38-8-4(38-9-2) | F 2 | ATT(2NDDEGREE MURDER) |
| | 720-5/9-1(A)(1) | F M | MURDER/INTENT TO KILL/INJ |
| | 720-5/9-1(A)(1) | F M | MURDER/INTENT TO KILL/INJ |
| | 720-5/9-1(A)(1) | F M | MURDER/INTENT TO KILL/INJ |
| | 720-5/9-1(A)(2) | F M | MURDER/STRONG PROB KILL/I |
| | 720-5/9-1(A)(2) | F M | MURDER/STRONG PROB KILL/I |
| | 720-5/9-1(A)(2) | F M | MURDER/STRONG PROB KILL/I |
| | 720-5/9-1(A)(2) | F M | MURDER/STRONG PROB KILL/I |
| | 720-5/9-1(A)(3) | F M | MURDER/OTHER FORCIBLE FEL |
| | 720-5/9-1(A)(3) | F M | MURDER/OTHER FORCIBLE FEL |
| | 720-5/18-2(^) | F X | ARMED ROBBERY |

# DECLARATION

I, Darryl Conway, being first duly sworn on oath, depose and state as follows:

1.    I am the Petitioner-Appellant in *People v. Darryl Conway*, Appellate Court No. 1-11-0514, an appeal from a judgment entered dismissing my petition for post-conviction relief.

2.    I have been informed by my attorney, Ginger Leigh Odom, Assistant Appellate Defender, of the consequences of dismissing my appeal. I realize that by dismissing my appeal I give up my right to attack the judgment dismissing my petition for post-conviction relief by means of this appeal.

3.    Having been informed of these consequences, I wish to dismiss my appeal.

_____
Mr. Darryl Conway
Register No. M01100
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

Exhibit C

In the Circuit Court of Cook County,
First Judicial District

Conway
v
People of Illinois

FILED
2013 OCT -1 AM 8: 21
CRIMINAL DIVISION
26TH AND CALIFORNIA
DOROTHY BROWN CLERK

## Motion for Malicious Prosecution Cost
## Pursuant 725 ILCS 5/110 A - 25

Now comes petitioner pursuant 725 ILCS 5/110 A-25
in regards to any cost acquired in the event petitioner is
not allowed to proceed in forma pauperis on the basis
that based on Malicious prosecution, not only should
defendant be discharged due to the fact there is no
justifiable basis to fear commission of any offense by
defendant; but prosecution was commenced against defendant
maliciously without probable cause in regards to not only
the Prosecution withholding favorable evidence that tended
to show there was no valid waiver of Miranda, but the
prosecution in Knowing the law's regulations allowed an
involuntary confession to be used to impeach defendant who
counsel did not apprise defendant of consequences as was
trial counsels 6th amendment duty to fair representation which
prejudiced defendant during pretrial motions & trial. This
shows not only prosecutorial misconduct but judicial bias
as presiding judge Judge Schultz lied on the record
to details within the proceedings as defendant ct

**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**ATTORNEY APPEARANCE FORM**

Exhibit D

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of United States of America ex rel.

Case Number:     14 C 0446

DARRYL CONWAY, Petitioner,

v.

RANDY PFISTER, Warden, Respondent.

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

RANDY PFISTER, Warden, Respondent.

| | |
|---|---|
| NAME (Type or print) <br> John R. Schleppenbach | |
| SIGNATURE (Use electronic signature if the appearance form is filed electronically) <br>        s/ John R. Schleppenbach | |
| FIRM <br> Office of the Illinois Attorney General | |
| STREET ADDRESS <br> 100 W. Randolph Street, 12th Floor | |
| CITY/STATE/ZIP <br> Chicago, Illinois 60601-3218 | |
| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) <br> 6279695 | TELEPHONE NUMBER <br> (312) 814-3419 |

| | | |
|---|---|---|
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES  X | NO ☐ |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES ☐ | NO  X |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES ☐ | NO  X |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES ☐ | NO ☐ |

IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.

RETAINED COUNSEL ☐          APPOINTED COUNSEL ☐

Exhibit E

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 3, 2015
Decided February 20, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3248

| | |
|---|---|
| DARRYL A. CARLOS CONWAY,<br>*Petitioner-Appellant,*<br><br>*v.*<br><br>RANDY PFISTER,<br>*Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 1:14-cv-00446<br><br>Ronald A. Guzmán,<br>*Judge.* |

### O R D E R

Darryl Conway has filed a notice of appeal from the denial of his petition under 28 U.S.C. § 2254 and applications for a certificate of appealability. This court has reviewed the final order of the district court and the record on appeal. We find no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Accordingly, the request for a certificate of appealability is **DENIED.** Conway's motions for limited media coverage and service copies are **DENIED.**

Exhibit A

In The Court of Appeals 7th Circuit

Conway

v

Pfister

RECEIVED AND
RETURNED UNFILED

FEB 2 3 2015

U.S. COURT OF APPEALS
SEVENTH CIRCUIT

Appeal # 143240

Motion Seeking Grant of COA and
Review of Claims in Habeas Corpus
Petition \ Motion For Rehearing

Now comes petitioner seeking review of claims
by Appellate Court as District Court has violated
petitioners due process rights by not reaching
merits of habeas petition

Petitioner has also had equal protection rights
violated as petitioner is similarly situated as
in Edwards v Carpenter 529 US 446 in
regards to the issue of cause and prejudice and
fundamental miscarriage in order to reach issues
of Miranda, Messiah, 18 USC §3501, Brady
Kyle v Whitley; Gerstien

Petitioner proved cause in that petitioner filed
motions to appellate court on direct appeal
that were silently dismissed then raised issue

of ineffective assistance of trial and appellate counsel in PLA to Illinois Supreme Court preserving issue for habeas review though not presented in the manner state law requires And that basis of conviction is judicial bias prosecutorial misconduct and petitioner is actually innocent and not guilty

3/20/2018

Conway
Mathew
P.O. Box 99
Pontiac Ill
61764

Exhibit G

**Slack v. McDaniel, 529 U.S. 473 (2000)**
120 S.Ct. 1595, 146 L.Ed.2d 542, 68 USLW 4315, 00 Cal. Daily Op. Serv. 3181...

required showing of constitutional error, for the issue was neither briefed nor presented below because of the view that the CPC, rather than COA, standards applied. It will be necessary to consider the matter upon any remand for further proceedings. The Court does, however, address the second component of the § 2253(c) inquiry, whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect. P. 1604.

3. A habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a "second or successive" petition as that term is understood in the habeas corpus context. Pp. 1604-1607.

(a) The District Court erred in concluding to the contrary. Because the question whether Slack's pre-AEDPA, 1995 petition was second or successive implicates his right to relief in the trial court, pre-AEDPA law governs. See *Lindh v. Murphy, supra.* Whether the dismissal was appropriate is controlled by Rule 9(b) of the Rules Governing § 2254, which incorporates the Court's prior decisions on the *476 subject, *McCleskey v. Zant,* 499 U.S. 467, 487, 111 S.Ct. 1454, 113 L.Ed.2d 517, and states: "A second or successive petition [alleging new and different grounds] may be dismissed if ... the **1600 judge finds that the failure ... to assert those grounds in a prior petition constituted an abuse of the writ." The "second or successive" phrase as a term of art given substance in, e.g. *Rose v. Lundy,* 455 U.S., at 510, 102 S.Ct. 1198, which held that a district court must dismiss habeas petitions containing both exhausted and unexhausted claims, but contemplated that the prisoner could return to federal court after the requisite exhaustion, *id.,* at 520-521, 102 S.Ct. 1198. Thus, a petition filed after a mixed petition has been dismissed under *Rose v. Lundy* before the district court adjudicated any claims is not a second petition. Neither *Rose v. Lundy* nor *Stewart v. Martinez-Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), supports the State's contention that the prisoner, upon his return to federal court, should be restricted to the claims made in his initial petition. It is instead more appropriate to treat the initial mixed petition as though it had not been filed, subject to whatever conditions the court attaches to the dismissal. Accordingly, Slack's 1995 petition should not have been dismissed on the basis of his 1991 petition. To the extent that the Court's ruling might allow prisoners repeatedly to return to state court and thereby inject undue delay into the collateral review process, the problem can be countered under the States' power to impose proper procedural bars and the federal courts' broad powers to

prevent duplicative or unnecessary litigation. Pp. 1604-1606.

(b) Thus, Slack has demonstrated that reasonable jurists could conclude that the District Court's abuse of the writ holding was wrong. Whether Slack is otherwise entitled to the issuance of a COA is a question to be resolved first upon remand. Pp. 1606-1607.

Reversed and remanded.

KENNEDY, J., delivered the opinion of the Court, Part I of which was unanimous, Part II of which was joined by REHNQUIST, C.J., and O'CONNOR, SCALIA, THOMAS, and GINSBURG, JJ., and Parts III and IV of which were joined by REHNQUIST, C.J., and STEVENS, O'CONNOR, SOUTER, GINSBURG, and BREYER, JJ. STEVENS, J., filed an opinion concurring in part and concurring in the judgment, in which SOUTER and BREYER, JJ., joined, *post,* p. 1607. SCALIA, J., filed an opinion concurring in part and dissenting in part, in which THOMAS, J., joined, *post,* p. 1607.

**Attorneys and Law Firms**

*477 David F. Sarnowski, Carson City, NV, for respondents.

Michael Pescetta, appointed by this Court, Las Vegas, NV, for petitioner.

**Opinion**

Justice KENNEDY delivered the opinion of the Court.

We are called upon to resolve a series of issues regarding the law of habeas corpus, including questions of the proper application of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). We hold as follows:

*478 First, when a habeas corpus petitioner seeks to initiate an appeal of the dismissal of a habeas corpus petition after April 24, 1996 [the effective date of AEDPA], the right to appeal is governed by the certificate of appealability (COA) requirements now found at 28 U.S.C. § 2253(c) (1994 ed., Supp. III). This is true whether the habeas corpus petition was filed in the district court before or after AEDPA's effective date.

Second, when the district court denies a habeas petition on procedural grounds without reaching the prisoner's

underlying constitutional claim, a COA should issue [and an appeal of the district court's order] if the prisoner shows: (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Third, a habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a "second or successive" petition as that term is understood in the habeas corpus context. Federal courts do, however, retain broad powers to prevent duplicative or unnecessary litigation.

**I**

Petitioner Antonio Slack was convicted of second-degree murder in Nevada state court in 1990. His direct appeal was unsuccessful. On November 27, 1991, Slack filed a petition for writ of habeas corpus in federal court under 28 U.S.C. § 2254. Early in the federal proceeding, Slack decided to litigate claims he had not yet presented to the Nevada courts. If he could not raise the claims in his current court because, under the exhaustion of remedies rule explained in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a federal court was required to dismiss a petition presenting claims not yet exhausted in state court. Accordingly, Slack filed a motion seeking to hold his federal petition in abeyance while he returned to state court to exhaust the new claims. Without objection by the State, the District Court entered an order holding the petition dismissed "without prejudice." The order, dated February 19, 1992, further provided that "petitioner is granted leave to file an application to renew upon exhaustion of all state remedies." *Slack v. Director, Nev. Dept. of Prisons,* No. CV-N-91-561 (Nev.), App. 22.

After an unsuccessful round of state postconviction proceedings, Slack filed a new federal habeas petition on May 30, 1995. The District Court later appointed counsel, directing him to file an amended petition or a notice of intention to proceed with the current petition. On September 18, 1997, counsel could be notice from the presenting 14 claims for relief. The State moved to dismiss the petition. As its first ground, the State argued that Slack's petition was a second or successive petition. As a mixed petition, that is to say a petition raising some claims which had been exhausted in state court and some which had not. As its second ground, the State cited *Farmer v. McDaniel,* 98 F.3d 1548 (C.A.9 1996), and

contended that, under the established rule in the Ninth Circuit, claims Slack had not raised in his 1991 federal habeas petition must be dismissed as an abuse of the writ.

The District Court granted the State's motion. First, the court relied on *Farmer* to hold that Slack's 1995 petition was "[a] second or successive petition," even though his 1991 petition had been dismissed without prejudice for a failure to exhaust state remedies. The court then invoked the abuse of the writ doctrine to dismiss with prejudice the claims Slack had not raised in the 1991 petition. This left Slack with four claims, each having been raised in the 1991 petition, but one of these, the court concluded, had not been exhausted in the state courts; the court therefore dismissed Slack's remaining claims because they were in a *480 mixed petition. Here, Slack seeks to challenge the dismissal of claims as abusive; he does not contend that all claims presented in the amended petition were exhausted.

The District Court's dismissal order was filed March 30, 1998. On April 29, 1998, Slack filed in the District Court a pleading captioned "Notice of Appeal." Consistent with Circuit practice, the court treated the notice as an application for a certificate of probable cause (CPC) under the pre-AEDPA version of 28 U.S.C. § 2253, and it denied a CPC, concluding the appeal would raise no substantial issue. The Court of Appeals likewise denied a CPC. No. CV- **1602 95-194 (CA9, July 7, 1998), App.197. As a result, Slack was not permitted to take an appeal of the order dismissing his petition. We granted certiorari. 525 U.S. 1138, 119 S.Ct. 1025, 143 L.Ed.2d 36 (1999). Slack contends that he is entitled to an appeal of the dismissal of his petition, arguing that the District Court erred in two respects. First, he argues that his 1995 petition was not second or successive, but first we must resolve two preliminary questions.

**II**

Before AEDPA, appellate review of the dismissal of a habeas corpus petition was governed by a version of 28 U.S.C. § 2253 enacted in 1948. Act of June 25, 1948, 62 Stat. 967. Under the pre-1996 law, an appeal could be taken from the final order in a habeas corpus proceeding "unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause." *Ibid.* The statute did not explain the standards for the issuance of a CPC, but this Court established what a prisoner must show to obtain a CPC in *Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983): "a substantial

Slack v. McDaniel, 529 U.S. 473 (2000)

120 S.Ct. 1595, 146 L.Ed.2d 542, 68 USLW 4315, 00 Cal. Daily Op. Serv. 3181...

petition; it is instead more appropriate to treat the initial mixed petition as though it had not been filed, subject to whatever conditions the court attaches to the dismissal. 28 U.S.C.A. § 2254.

927 Cases that cite this headnote

Habeas Corpus
⟜Exhaustion of State Remedies

197Habeas Corpus
197IIHabeas Corpus
197IIHGeneral
197II(I)Federal Court Review of Petitions by State Prisoners
197II(I)1In General
197II(I)9Exhaustion of State Remedies
197II(I)9.1In general

The rule requiring complete exhaustion of state remedies before seeking federal habeas relief is not to be applied sua sponte. 28 U.S.C.A. § 2254.

41 Cases that cite this headnote

Criminal Law
⟜Successive Post-Conviction Proceedings

110Criminal Law
110XXXIPost-Conviction Relief
110XXXI(C)Proceedings
110XXXI(C)1Hearing and Determination
110.68(6)Successive Post-Conviction Proceedings
110.68(6)In general
(Formerly 110.698(21))

State is free to impose proper procedural bars to restrict repeated returns to state court for postconviction proceedings.

26 Cases that cite this headnote

Habeas Corpus
⟜Successive Post-Conviction Proceedings

notice on an application for a certificate of probable cause (CPC) under the version of § 2253 that existed before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In denied a CPC, concluding the appeal would raise no substantial issue. The Ninth Circuit likewise denied a CPC, so that Slack was not permitted to appeal the order dismissing his petition.

**Held:**

1. Where a habeas petitioner seeks to initiate an appeal of the dismissal of his petition after April 24, 1996 (AEDPA's effective date), the right to appeal is governed by the requirements now found at § 2253(c)—which provides, inter alia, that such an appeal may not be taken unless *474 a circuit Justice or judge issues a certificate of appealability (COA). § 2253(c)(1), and that the COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(2)—even though the habeas petition was filed in the district court before AEDPA's effective date. Slack argues incorrectly that the pre-AEDPA version of the statute, not § 2253(c), controls his case because, as *Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481, this Court held, § 2253's new amendments governing entitlement to district court habeas relief applied to cases filed after AEDPA's effective date. In implementing *Lindh,* it must be recognized that § 2254 is directed to district court proceedings while § 2253 is directed to appellate proceedings. Just as § 2254 applies to cases filed in the trial court post-AEDPA, § 2253 applies to appellate proceedings initiated post-AEDPA. Although a *Lindh* requires a court of appeals to apply pre-AEDPA law in reviewing the trial court's ruling on a petition commenced there pre-AEDPA, post-AEDPA law governs the right to appeal in cases such as the present. While an appeal is a distinct step, the dismissal of a habeas petition in a district court, *E.g. Hohn v. United States,* 524 U.S. 236, 241, 118 S.Ct. 1969, 141 L.Ed.2d 242. Under AEDPA, an appellate case is commenced when the application for a COA is filed. *Ibid.* When Congress instructs that certain laws apply to certain appeals regardless of case, the relevant case for a statute directed to appeals is the one initiated in the appellate court. Because Slack sought appellate review of the dismissal of his habeas petition two years after AEDPA's effective date, § 2253(c) governs here, and Slack must apply for a COA. The Ninth Circuit should have treated his notice of appeal as such an application. Pp. 1602–1603.

2. When the district court denies a habeas petition on procedural grounds without reaching the prisoner's

underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at **1599 least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Pp. 1603–1604.

(a) The Court rejects the State's contentions that, because § 2253(c) provides that a COA may issue upon the "substantial showing of the denial of a constitutional right," only constitutional rulings may be appealed and no appeal can be taken if the district court relies on procedural grounds to dismiss the petition. In setting forth the preconditions for issuance of a COA under § 2253(c), Congress expressed no intention to allow trial court procedural error to be insulated from review. *475 AEDPA's core purpose, which incorporate earlier habeas corpus principles. Except for substituting the word "constitutional" for the word "federal," the present § 2253 is a codification of the CPC standard announced in *Barefoot v. Estelle,* 463 U.S. 880, 894, 103 S.Ct. 3383, 77 L.Ed.2d 1090. See *Williams v. Taylor,* 529 U.S. 420, 434, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). Under *Barefoot,* a substantial showing of the denial of a right includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." 463 U.S., at 893, and n. 4, 103 S.Ct. 3383. Pp. 1603–1604.

(b) Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 establishes that both showings be made before the court of appeals may entertain the appeal. Each component is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. Resolution of procedural issues first is allowed and encouraged by the rule that this Court will not pass upon a constitutional question if there is also present some other ground upon which the case may be disposed of. *Ashwander v. TVA,* 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688. Here, Slack did not attempt to make a substantial showing of the denial of a constitutional right, instead arguing only that the District Court's procedural rulings were wrong. This Court does not attempt to determine whether Slack could make the

**Column 1 (left, continued):**

Once a habeas petitioner is made aware of the requirement of exhaustion of state remedies, no reason exists for him not to exhaust all potential claims before returning to federal court, and the failure to comply with an order of the court that applicant, upon his return to federal court, is to bring only exhausted claims is grounds for dismissal with prejudice. 28 U.S.C.A. § 2254; Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A.

215 Cases that cite this headnote

**1597 Syllabus**

After petitioner Slack was convicted of second-degree murder in Nevada and his direct appeal was unsuccessful, he filed, in 1991, a federal habeas corpus petition under 28 U.S.C. § 2254. Because he wished to litigate claims he had not yet presented to the state courts, but could not do so under the rule requiring complete exhaustion of state remedies, see *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379, Slack filed a motion to hold his federal petition in abeyance **1598 while he returned to state court. The Federal District Court ordered the habeas petition dismissed without prejudice, granting Slack leave to file an application to renew upon exhausting state remedies. After unsuccessful state postconviction proceedings, Slack filed anew in the federal court in 1995, presenting 14 claims for relief. The State moved to dismiss, arguing that (1) Slack's was a mixed petition raising some claims which had been presented to the state courts and some which had not, and (2) under the established practice that a second federal habeas petition had to be dismissed unless the claims Slack had not raised in the 1991 petition. The dismissal order was filed in 1998, after which Slack filed in the District Court a pleading captioned "Notice of Appeal." Consistent with Circuit practice, the court treated the

Exhibit

FROM: LAW LIBRARY
TO: Conway M01100 E902

West's Smith-Hurd Illinois Compiled Statutes Annotated
Chapter 725. Criminal Procedure
Act 5. Code of Criminal Procedure of 1963 (Refs & Annos)
Title III. Proceedings After Arrest
Article 109. Preliminary Examination (Refs & Annos)

725 ILCS 5/109-3.1
Formerly cited as IL ST CH 38 ¶ 109-3.1

5/109-3.1. Persons Charged with Felonies

§ 109-3.1. Persons Charged with Felonies. (a) In any case involving a person charged with a felony in this State, alleged to have been committed on or after January 1, 1984, the provisions of this Section shall apply.

(b) Every person in custody in this State for the alleged commission of a felony shall receive either a preliminary examination as provided in Section 109-3 or an indictment by Grand Jury as provided in Section 111-2, within 30 days from the date he or she be was taken into custody. Every person on bail or recognizance for the alleged commission of a felony shall receive either a preliminary examination as provided in Section 109-3 or an indictment by Grand Jury as provided in Section 111-2, within 60 days from the date he or she was arrested.

The provisions of this paragraph shall not apply in the following situations:

(1) when delay is occasioned by the defendant; or

(2) when the defendant has been indicted by the Grand Jury on the felony offense for which he or she was initially taken into custody or on an offense arising from the same transaction or conduct of the defendant that was the basis for the felony offense initially charged; or

(3) when a competency examination is ordered by the court; or

(4) when a competency hearing is held; or

(5) when an adjudication of incompetency for trial has been made; or

(6) when the case has been continued by the court under Section 114-4 of that Code after a determination that the defendant is physically incompetent to stand trial.

(c) Delay occasioned by the defendant shall temporarily suspend for the time of the delay, the period within which preliminary examination must be held in the day, of expiration of the delay, the period in question shall continue at the point at which it was suspended.

Credits
Laws 1963, p. 2836, § 109-3.1, added by P.A. 83-644, § 1, eff. Jan. 1, 1984.

Formerly Ill. Rev. Stat. 1991, ch. 56 ¶ 109-3.1.

Notes of Decisions (13)

725 ILCS 5/109-3.1, IL ST CH 725 § 5/109-3.1
Current through P.A. 98-1174 of the 2014 Reg. Sess.

Exhibit G

§ 111-2. Commencement of prosecutions, IL ST CH 725 § 5/111-2

West's Smith-Hurd Illinois Compiled Statutes Annotated
  Chapter 725. Criminal Procedure
    Act 5. Code of Criminal Procedure of 1963 (Refs & Annos)
      Title IV. Proceedings to Commence Prosecution
        Article 111. Charging an Offense (Refs & Annos)

725 ILCS 5/111-2
Formerly cited as IL ST CH 38 ¶ 111-2

Effective: January 25, 2013

Currentness

§ 111-2. Commencement of prosecutions.

(a) All prosecutions of felonies shall be by information or by indictment. No prosecution may be pursued by information unless a preliminary hearing has been held or waived in accordance with Section 109-3 and at that hearing probable cause to believe the defendant committed an offense was found, and the provisions of Section 109-3.1 of this Code have been complied with.

(b) All other prosecutions may be by indictment, information or complaint.

(c) Upon the filing of an information or indictment in open court charging the defendant with the commission of a sex offense defined in any Section of Article 11 of the Criminal Code of 1961 or the Criminal Code of 2012, and a minor as defined in Section 1-3 of the Juvenile Court Act of 1987 is alleged to be the victim of the commission of the acts of the defendant in the commission of such offense, the court may appoint a guardian ad litem for the minor as provided in Section 2-17, 3-19, 4-16 or 5-610 of the Juvenile Court Act of 1987.

(d) Upon the filing of an information or indictment in open court, the court shall immediately issue a warrant for the arrest of each person charged with an offense directed to a peace officer or some other person specifically named commanding him to arrest such person.

(e) When the offense is bailable, the judge shall endorse on the warrant the amount of bail required by the order of the court, and if the court orders the process returnable forthwith, the warrant shall require that the accused be arrested and brought immediately into court.

(f) Where the prosecution of a felony is by information or complaint after preliminary hearing, or after a waiver of preliminary hearing in accordance with paragraph (a) of this Section, such prosecution may be for all offenses, arising from

---

§ 111-2. Commencement of prosecutions, IL ST CH 725 § 5/111-2

the same transaction or conduct of a defendant even though the complaint or complaints filed at the preliminary hearing charged only one or some of the offenses arising from that transaction or conduct.

Credits

Laws 1963, p. 2836, § 111-2, eff. Jan. 1, 1964. Amended by Laws 1967, p. 2833, § 1, eff. Aug. 11, 1967; Laws 1967, p. 3668, § 1, eff. Aug. 17, 1967; Laws 1968, p. 347, § 1, eff. July 1, 1969; P.A. 79-671, § 1, eff. Oct. 1, 1975; P.A. 80-1163, § 1, eff. July 1, 1978; P.A. 85-644, § 1, eff. Jan. 1, 1984; P.A. 85-1209, Art. III, § 3.5, eff. Aug. 30, 1988; P.A. 90-590, Art. 2001, § 2001-25, eff. Jan. 1, 1999; P.A. 97-1150 § 635, eff. Jan. 25, 2013.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 111-2.

Notes of Decisions (302)

Footnotes

1    725 ILCS 5/109-3.

2    ... ILCS 5/109-3.1.

3    720 ILCS 5/Art. 11 et seq.; 720 ILCS 5/Art. 11 et seq. (in 2012).

725 I.L.C.S. 5/111-2, IL ST CH 725 § 5/111-2
Current through P.A. 98-1174 of the 2014 Reg. Sess.

End of Document

FROM:  MAX LIBRARY

TO:  CONWAY M01100

E902

People v. Hendrix, 54 Ill.2d 165 (1973)
295 N.E.2d 724

**54 Ill.2d 165.**
**Supreme Court of Illinois.**

The PEOPLE of the State of Illinois, Appellant,
v.
Willie E. HENDRIX, Appellee.

No. 44588. | April 2, 1973.

Prosecution for theft of automobile valued at more than $150. The Circuit Court of Madison County, W. L. Beatty, J., dismissed the indictment on the ground that defendant had been deprived of his right to a prompt preliminary hearing, and the State appealed. The Supreme Court, Schaefer, J., held that where evidence showed that defendant was arrested in Tennessee, waived extradition hearing, was returned to Illinois and was promptly indicted, and then rejected a proffered preliminary hearing in Illinois, apparently for the sole reason that the indictment had been returned before the preliminary hearing could be conducted, there was no violation of defendant's constitutional right to a prompt preliminary hearing.

Reversed and remanded.

Goldenhersh, J., concurred specially and filed opinion.

Ward, J., dissented and filed opinion.

**Attorneys and Law Firms**

*165 **725 William J. Scott, Atty. Gen., Springfield, and R. W. Griffith, Jr., State's Atty., Edwardsville (James B. Zagel and Jayne A. Carr, Asst. Attys. Gen., of counsel), for the People.

Paul E. Riley, Public Defender, Edwardsville, for appellee.

**Opinion**

SCHAEFER, Justice:

An indictment which charged the defendant, Willie E. Hendrix, with theft of an automobile valued at more than $150 was dismissed by the circuit court of Madison County on the ground that the defendant had been deprived of his right to a prompt preliminary hearing under section 7 of article 1 of the constitution of 1970. S.H.A. *166 The State has appealed, and because the trial court also held invalid a section of the Code of Criminal Procedure, the appeal was properly taken directly to this court. Ill.Rev.Stat.1971, ch. 110A, par. 603.

Section 7 of article I provides:

'No person shall be held to answer for a criminal offense unless on indictment of a grand jury, except in cases in which the punishment is by fine or by imprisonment other than in the penitentiary, in cases of impeachment, and in cases arising in the militia when in actual service in time of war or public danger. The General Assembly by law may abolish the grand jury or further limit its use.

No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause.'

The official explanation of this section stated:

'This changes Article I Section 8 of the 1870 Constitution which consists of the single jury indictment but authorizes the General Assembly to limit as well as abolish the use of the grand jury. It also grants the right to a preliminary hearing to anyone accused of a felony who was not

originally charged by a grand jury.'

The indictment states the year, make, model and engine number of the stolen car, gives the name of the owner, and alleges that the car was stolen by the present defendant and a co-defendant on or about August 6, 1971. It appears so far to agreed that a complaint of some kind was made on August 6, or 7, 1971, which charged the defendants with theft of the same car that is described in the indictment. That complaint, however, is not in the record. The defendant was apparently brought before the circuit court of Madison County on August 18, 1971, at which time it was ordered that a preliminary hearing be held, although no specific date was set for the hearing. On August 19, 1971, the grand jury returned an indictment which charged the defendant with the theft of the same automobile described in the complaint.

*167 On August 24, 1971, a motion for discovery before trial was filed by the public defender on behalf of the defendant. On August 25 that motion was allowed in part and denied in part, and on that date the defendant was arraigned and entered a plea of not guilty. On August 30 the State filed its response to the motion for discovery. Among the witnesses listed in the response were two sergeants of police from the Jackson, Tennessee, police department. In answer to a question which called for all written or recorded statements made by the accused or his co-defendant, the response stated: 'Both defendants admitted that they took the auto from Midtown Auto Sales, Alton, Illinois. Witnesses are unknown at this time as the admissions were made in Jackson, Tennessee.' The response further stated: 'At this time the People have no knowledge of the witnesses that were present at the scene of the defendants' arrest inasmuch as the arrest was made in Jackson, Tennessee.'

**726 On August 29, the defendant filed a motion to dismiss the indictment on the ground that the case was originally charged by a criminal complaint, rather than by indictment, and that no preliminary hearing had been held. When this motion came on for hearing on September 3, 1971, the prosecution offered to hold a preliminary hearing at that time to establish probable cause. In response the public defender stated: 'Your Honor, in reply to that we believe the Constitution is specific in saying that a prompt preliminary hearing has to be given to establish probable cause prior to indictment, and the mere obtaining that an indictment and a summary hearing after already violating the Constitution by indicting the man may not cure the defect.'

The trial judge then granted the defendant's motion to dismiss stating that the State's offer at this time to hold a

preliminary hearing does not cure the defect,' and that the defendant had not waived the right by his failure to demand a hearing prior to August 19. On September 13, *168 1971, the court amended its order to include a declaration that that portion of section 111-2 of the Code of Criminal Procedure (Ill.Rev.Stat.1971, ch. 38, par. 111—2(a)) which provides: 'If the defendant is charged with the commission of a felony * * * a preliminary hearing * * * shall be conducted * * * unless a bill of indictment upon the same felony charge is returned in open court prior to such hearing * * *' has been rendered unconstitutional by section 7 of article I of the Illinois constitution of 1970.

Just when the defendant was taken into custody by Illinois authorities, and just when he was brought back to Illinois does not appear. The prosecution's brief states: 'The defendant Willie Hendrix was arrested on August 7, 1971 in Jackson, Tennessee on a charge of larceny of auto accessories. At the time of his arrest, defendant was driving an automobile which had been stolen on August 6, 1971, from an auto lot in Alton, Illinois. An Illinois warrant against the defendant was issued on August 7, 1971. Following a decision not to prosecute by the Tennessee authorities and a waiver of extradition by the defendant, Hendrix was returned to Illinois.' In his brief in this court the defendant states that 'he was arrested on August 16, 1971 and was brought for his first appearance on August 18, 1971 before an associate judge of the Madison County Circuit Court.' The trial judge referred to the 18th of August as 'the day after the defendant was arrested and apparently the same day on which he was indicted.'

While section 7 of article I of the constitution provides that the General Assembly 'may abolish the grand jury, or further limit its use,' the General Assembly had not done either. The Code of Criminal Procedure still provides: 'All prosecutions of felonies shall be by indictment unless waived understandingly by the accused in open court, and unless the State expressly concurs in such waiver in open court.' (*169 Ill.Rev.Stat.1971, ch. 38, par. 111—2.) The offense involved in this case is a felony (Ill.Rev.Stat.1971, ch. 38, par. 16—1), and if defendant was to be prosecuted for the offense, he had to be indicted. Without an indictment he could never have been 'held to answer,' or brought to trial, and the assertion of the public defender, expressed by the trial judge and the constitution by indicting the defendant is patently unsound.

As has been noted, the record in this case does not contain the document which is said to constitute the 'initial charge' within the meaning of section 7 of article I. We

People v. Hendrix, 54 Ill.2d 165 (1973)

295 N.E.2d 724

do not know the date when the defendant was returned to this State or when he came into the custody of its law-enforcement officers. What we do know is that the defendant waived an extradition hearing in Tennessee, that he was apparently promptly indicted upon his return to Illinois, and that he then rejected a proffered preliminary hearing in Illinois, apparently for the sole reason that the indictment **727 had been returned before the preliminary hearing could be conducted.

The second paragraph of section 7 does not provide a grant of immunity from prosecution as a sanction for its violation. Nor would an interpretation make sense which required the dismissal of the present indictment and the discharge of the defendant, to be followed by his reindictment and rearrest upon a new indictment. What is a prompt preliminary hearing must, of course, depend upon an appraisal of all of the relevant circumstances, and in this case it does not appear that there was any violation of the defendant's constitutional right to a prompt preliminary hearing.

The judgment of the circuit court of Madison County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

*170 GOLDENHERSH, Justice (specially concurring):

I concur in the result reached by the majority but do not agree with all that was said by the court. I do not interpret the statement of the experienced public defender to mean that the State had violated the constitution by indicting the defendant, nor am I persuaded that the able trial judge acquiesced in any such assertion. I interpret the statement to mean that defendant's constitutional rights were violated, not because he was indicted, but because he was not granted a prompt preliminary hearing.

In my opinion the second paragraph of section 7 of article I of the constitution, S.H.A., is a simple provision, and was included for the sole purpose of guaranteeing that a defendant would not be held in custody or on bail without a prompt showing of probable cause. In this case the requisite probable cause was shown by the prompt indictment of the defendant and I agree that the trial court erred in its judgment.

WARD, Justice (dissenting):

As I read it, the majority opinion levels meaningless the constitution's provision for a prompt preliminary hearing

to establish probable cause.'

I consider that the amendment underlying the second paragraph of section 7 of article I, S.H.A., was to provide a person accused of crime, but without his having been indicted, with a right to a prompt preliminary hearing to determine whether probable cause exists to hold him to answer the action of the grand jury. Provision for this hearing would, among other purposes, serve to avoid having an accused held in custody or, less grievously, under bond without a judicial hearing, for an indefinite period, only to have a grand jury later conclude that there was no basis for prosecution. Accordingly this prompt hearing would be of particular importance in counties where grand juries are only intermittently in session and where weeks may elapse before the evidence against an accused is presented to the **731 grand jury for its decision as to whether it is sufficient for an indictment.

It is clear from the language of the paragraph that if the 'initial charge' against an accused has not been brought by indictment, that '[N]o person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless * * * the person has been given a prompt preliminary hearing to establish probable cause.'

That this was intended by the paragraph is confirmed by materials of the constitutional convention. The constitutional commentary to section 7 of article I (Helman and Whalen, Constitutional Commentary, S.H.A.Const. of 1970, art I, sec. 7, p. 372) says, in part: 'In cases where the prosecutor obtains a grand jury indictment prior to the defendant being taken into custody, there is no constitutional requirement for a preliminary hearing because the issue of probable cause will have been determined by the grand jury in deciding to indict. **728 These cases are probably the exception. Usually, the 'initial charge' is made by an arresting officer rather than a grand jury. In such cases the person would be entitled to a prompt preliminary hearing unless it is understandingly waived.'

Too, as originally reported to the convention by the Bill of Rights Committee as proposal 23, the preliminary hearing provision read: 'No person shall be held to answer for a crime punishable by death or imprisonment in the penitentiary without a prompt preliminary hearing to establish probable cause.' (6 Record of Proceedings, Sixth Illinois Constitutional Convention, Bill of Rights Committee Report, 76—77 [hereinafter cited as Proceedings].) In the report attached to the proposal, the Bill of Rights Committee described what would be the effect of the proposal: 'In a great majority of instances involving prosecution by indictment, the preliminary

People v. Hendrix, 54 Ill.2d 165 (1973)

295 N.E.2d 724

hearing will precede action by the grand jury. In those comparatively infrequent instances where a grand jury has indicted a *172 defendant before he is arrested, this new provision will require that a preliminary hearing be held after the indictment has been returned. * * * If the judge finds an absence of probable cause, then he should quash the indictment and discharge the defendant. * * * While it may seem anomalous to have a judge examining probable cause after the grand jury has indicted, this procedure is required to prevent prosecution without a public showing of probable cause.'

The proposal, with its design for a preliminary hearing after indictment and possible judicial invalidation of the grand jury's action, was not acceptable to the convention, and it was amended to read substantially as it now appears in the second paragraph of section 7 of article I. The amendment was offered by Delegate John Parkhurst and it read: 'Proposal to amend section 23' by adding the following words, 'unless the initial charge has been brought by an indictment of a grand jury' before the words 'No person (shall be held to answer for a crime punishable by death or imprisonment in the penitentiary without a prompt preliminary hearing to establish probable cause).' (3 Proceedings 1467.) Prior to the taking of the vote on the Parkhurst amendment, Delegate William Jaskula proposed a change to the amendment which would have substituted 'unless a true bill has been voted by the grand jury' for 'unless the initial charge has been brought by * * * a grand jury.' (3 Proceedings 1469.) Opposing the proposed change, Delegate Bernard Weisberg observed: 'That would mean that a preliminary hearing would be unnecessary, because the State could easily, if it chose, by simply postponing a preliminary hearing until he obtains a grand jury indictment, and then points to the section and says there is no right to a preliminary hearing in view of the 'unless' clause.' (3 Proceedings 1469.) Delegate Parkhurst agreed with Weisberg and proposal 23, as amended by Parkhurst, was thereafter adopted by the convention.

The Committee on Style, Drafting and Submission *173

then gave the paragraph its final form. The revision, with deletions and additions indicated, appears in 7 Proceedings 2514:

'No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary Unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing, to establish probable cause.'

Footnote 1 to the Committee's report (7 Proceedings 2600) observes:

'This change makes it clear that a person must either be charged initially by grand jury indictment or given a prompt preliminary hearing, before being held to answer for a crime punishable by death or by imprisonment in the penitentiary.' (Article I, Section 7.)'

**729 The majority says: 'Nor would an interpretation of the second paragraph of section 7) make sense which required the dismissal of the present indictment and the discharge of the defendant, to be followed by his reindictment and rearrest upon a new indictment. [but] I would observe that such an interpretation would establish that, an accused has the right to a preliminary hearing when the prosecution is initiated either than by indictment and it would insure the future recognition of that right.

Parallel Citations

295 N.E.2d 724

End of Document

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

§ 1581 Peonage... definitions, 18 USCA § 1581

1905 C 515 89

United States Code Annotated
Title 18. Crimes and Criminal Procedure (Refs & Annos)
Part I. Crimes (Refs & Annos)
Chapter 77. Peonage, Slavery, and Trafficking in Persons (Refs & Annos)

§ 1589. Forced Labor

18 U.S.C.A. § 1589

Effective: December 23, 2008
Currentness

(a) Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—

(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;

(2) by means of serious harm or threats of serious harm to that person or another person;

(3) by means of the abuse or threatened abuse of law or legal process; or

(4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint,

shall be punished as provided under subsection (d).

(b) Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, shall be punished as provided in subsection (d).

(c) In this section:

(1) The term "abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to

exert pressure on another person to cause that person to take some action or refrain from taking some action.

(2) The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

(d) Whoever violates this section shall be fined under this title, imprisoned not more than 20 years, or both. If death results from a violation of this section, or if the violation includes kidnapping, an attempt to kidnap, aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title, imprisoned for any term of years or life, or both.

CREDITS

(Added Pub.L. 106-386, Div. A, § 112(a)(2), Oct. 28, 2000, 114 Stat. 1486; amended Pub.L. 110-457, Title II, § 222(b), Dec. 23, 2008, 122 Stat. 5068.)

Notes of Decisions (1b)

18 U.S.C.A. § 1589, 18 USCA § 1589
Current through P.L. 113-234 (excluding P.L. 113-235, 113-287, 113-291, and 113-295) approved 12-19-2014

Exhibit II

§ 1964 Civil remedies, 18 U.S.C.A. § 1964

18 U.S.C.A. § 1964
Currentness

18 U.S.C.A. § 1964, 18 U.S.C.A. § 1964
Current through P.L. 113-296 excluding P.L. 113-235, 113-287, 113-291, and 113-295, approved 12-19-2014.

United States Code Annotated
Title 18. Crimes and Criminal Procedure (Refs & Annos)
Part I. Crimes (Refs & Annos)
Chapter 96. Racketeer Influenced and Corrupt Organizations (Refs & Annos)

18 U.S.C.A. § 1964

§ 1964. Civil remedies

Currentness

(a) The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

(b) The Attorney General may institute proceedings under this section. Pending final determination thereof, the court may at any time enter such restraining orders or prohibitions, or take such other actions, including the acceptance of satisfactory performance bonds, as it shall deem proper.

(c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

(d) A final judgment or decree rendered in favor of the United States in any criminal proceeding brought by the United States under this chapter shall estop the defendant from denying the essential allegations of the criminal offense in any subsequent civil proceeding brought by the United States.

CREDIT(S)

(Added Pub.L. 91-452, Title IX, § 901(a), Oct. 15, 1970, 84 Stat. 943; amended Pub.L. 98-620, Title III, § 402(24)(A), Nov. 8, 1984, 98 Stat. 3359; Pub.L. 104-67, Title I, § 107, Dec. 22, 1995, 109 Stat. 758.)

Notes of Decisions (1700)

Exhibit J

After the first installment is paid, you will be required to make monthly payments of 20 percent of the preceding month's income credited to your account. You should not send these monthly payments yourself. The institution having custody of you will forward the payments from your account to the clerk of the court each time the amount in your account exceeds $10 until the filing fees are paid in full.

If you have no assets or other means to pay the **initial** installment, you will still be allowed to bring your action or appeal. However, you will be required to pay the entire filing fee in installments as described above as money becomes available in your account.

If a court issues a judgment against you that includes the payment of costs, you will be required to pay these costs and they will be collected in the same manner as your filing fee.

## *In Forma Pauperis* Application

To file your application to proceed *in forma pauperis*, you must complete, sign, and attest as true and correct under penalty of perjury the enclosed application and financial affidavit. You must have an authorized officer at the correctional institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. **You must also attach a certified copy showing all transactions in your inmate trust fund account from each institution where you resided for the six-month period immediately preceding the filing of your complaint.** If you have been in more than one institution during the past six months, you must attach trust fund accounts from each institution . If there is more than one plaintiff, then each plaintiff must complete a separate *in forma pauperis* application and attach a copy of his or her trust fund account. Each plaintiff must pay the full $350 filing fee.

## Other PLRA Provisions

You should be aware of several other provisions of the PLRA: **(1) "Three Strike" Provision.** If you file three cases or appeals that are dismissed as frivolous, malicious, or failing to state a claim, you will be barred from filing any more cases *in forma pauperis* unless you are in imminent danger of serious physical injury. Some common examples of dismissals that will count toward the three-strike limit include, but are not limited to, failure to name a suable and non-immune defendant; failure to allege facts that would indicate a violation of a **federal** right; dismissal of your action in response to a defendant's motion to dismiss for failure to state a claim upon which relief may be granted; dismissal of the case in the district court, or dismissal of an appeal as frivolous or not taken in good faith. **Note:** If the district court dismisses your case for one of these reasons, that will count as one strike. If you appeal the dismissal and the court of appeals dismisses your appeal, that may count as a second strike. **(2) Physical Injury.** The law now provides that a prisoner, while confined, may not file a federal claim seeking money damages for mental or emotional injury suffered while in custody without a prior showing of physical injury.

## U.S. Marshal's Forms and Summons

USM 285 forms will be sent **directly** from the Marshal's Office if needed, only after summons have been prepared and issued by the Clerk's office, pursuant to a court order. Therefore, you should not send USM 285 forms with the complaint. However, you must complete these forms if the Marshal sends them to you. You must complete a separate USM 285 form for each named defendant, giving the address where the U.S. Marshal can attempt to serve that defendant. No summons will be sent to you.

## Where to File

Your complaint should be filed in this district only if one or more of the named defendants resides within this district or if the events upon which you base your complaint took place in this district. The following Illinois Correctional Centers are located in the Northern District of Illinois: Stateville, Sheridan and Dixon. In addition there are a number of County Jails in the Northern District of Illinois. A complaint filed in this court against officials at other state prisons may be subject to dismissal or transfer to the proper district. When these forms are properly completed, mail them to Prisoner Correspondent, United States District Court, 219 S. Dearborn Street, Chicago IL 60604. Complaints concerning claims arising at the Dixon Correctional Center should be sent to the Clerk, United States District Court, 211 S. Court Street, Rockford, IL 61101. **Always keep the court informed of your address; failure to do so may result in dismissal of your case.**

# The United States District
## Court of Illinois
### Central District

Conway
v
Schultz et al

Case # 115 cv 01122 SEM

## Memorandum of Law In Support
### Of Complaint Pursuant 42 USC §1983

Now comes petitioner seeking to make a showing that petitioner is entitled to relief as defendants in the immediate cause have violated petitioners 14th amendment right to due process under the equal protection clause.

To succeed in a claim for vindictive enforcement in violation of Equal Protection Clause a plaintiff must prove that 1.) he or she exercised a protected right 2) the prosecutor had a stake in the exercise of that right 3) the prosecutor or state officials conduct was unreasonable and 4) prosecution or state enforcement was initiated with the intent to punish the plaintiff for the exercise of the protected right. <u>Walmart Stores v Rodriguez 238 7 Supp 395</u>

1. Petitioner had a protected right under the 5th & 6th amendment in the legal right to counsel and right against self incrimination which was violated by detectives, Assistant States Attorneys & police officers. Petitioner also had a right to preliminary hearing under 725 ILCS 5/109-3.1 (a)(b) and 725 ILCS 5/111-2(a) (see Public Act 83-644) and in no form, did petitioner waive preliminary hearing, cause delay in hearing nor was competency hearing held or ordered nor was petitioner on bail or recognizance and indictment was presented 35 days after petitioner was taken into custody on 12/15/2004. Date of Indictment Case #05CR01259 1/20/2005

2. The prosecutor had a stake in the exercise of rights as prosecution could not be commenced unless indictment was by grand jury or information and prosecutor has burden of proof to prove a valid waiver by preponderance of the evidence. <u>People v Hendrix 54 Ill 2d 165; 295 NE 2d 724</u> <u>US v Springer 460 72d 1344, Miranda v Arizona 86 S Ct 1602</u> As there is no 11.480 form to substantiate that claim (waiver of Rights form)

1

3. Prosecutors conduct was unreasonable as prosecution in knowing the law, withheld evidence tending to show no valid waiver was made as the prosecutions defense was that statement was in fact voluntary & knowingly made contrary to the evidence as well as the totality of the circumstances in US v Dickerson 530 US 428 as petitioner was not informed of right to counsel, statements were made without presence of attorney, statements were made in interrogation see  18 USC §3501(b)(c)(d)(e) and prosecution in knowing law & regulations withheld that prosecution was commenced in violation of PA 83-644, 725 ILCS 5/109-3.1(a)(b) 725 ILCS 5/111-2(a)
     (see closing argument of ~~George Stephenson~~ ASA in FF transcript pgs)

4. Prosecution was initiated with the intent to punish plaintiff for exercise of right to counsel and right to due process of law by courts denying petitioner fair hearings at trial, appeal, post-conviction & habeas corpus proceedings, motions for rehearing and not giving petitioner a for opportunity to litigate claims. In order to demonstrate selective prosecution is a violation of equal protection clause, defendant must provide evidence that persons similarly situated have not been prosecuted and must show that decisions were made on the basis of an unjustifiable standard. Kosta v Connolly 709 F.Supp 592

Petitioner in the immediate cause points to cases like Miranda v Arizona, or Edwards v Carpenter 529 US 446 as petitioner met cause & prejudice in order to have court reachments of claims in cause that petitioner presented claims in motions to appellate court that constituted as a silent dismissal. Rolovsky v Kane 227 Fed Appx 691 and were argued in Ill Supreme Court and constituted as one full round of litigation. As petitioner presented facts & legal theory Scott v Schriro 567 F 3d 573) by reliance of federal case employing constitutional analysis 2) reliance on state court case 3) assertion of claim in terms particular to call to mind particular constitutional right 4) allegation of pattern of facts within mainstream constitutional litigation. ie: Miranda v Arizona, Strickland v Washington.

And petitioner also met fundamental miscarriage standard. 1) a defendant was in custody for 72 hours and didn't incriminate self, law stipulates you have to let them go unless you get information to issue a warrant or an indictment. In the immediate cause, the court & prosecution had 35 days and evidence that was tainted by Constitutional violations & promises of leniency. Plaintiff was told he could go home if he said yes to questions asked by ASA & Detectives. (see video tape 3:25 - end) defendant shakes his head no to questions.

Judges Hamilton & Easterbrook denied to issue COA yet Slack v McDaniel 529 US 473 states when district court denies a habeas petition on procedural grounds without reaching the prisoner's merits & underlying constitutional claim, a COA should issue if prisoner shows at least that reasonable jurist would find it debatable....... . Also denied to rehear petition and habeas corpus petition filed under 28 USC §2254 was denied by procedural default. Barrett v US 822 F 2d 1438 as to make a prima facie showing of selective prosecution defendant must establish that he was singled out while others similarly situated were not prosecuted and decision was based on race, religion or the exercise of a constitutional right. (see petitioner's Motions for COA 14cv00446 Appeal#14-3248 as petitioner's motion for rehearing was ~~timely~~ filed!
     (see exhibits)

2

Clerk of court Dorothy Brown & the prosecution withheld paperwork sent to court in which Judge Quinn dismissed ~~habeas corpus~~ post-conviction petition without prejudice and denied petitioner right to refile petition. Which allowed malicious prosecution to continue as petitioner could not file a post & had to file a successive which they dismissed as frivolous. In violation of 735 ILCS 5/122-1 the post conviction hearing act.

All defendants commenced prosecution to punish plaintiff for exercise of protected right as stated in US v Dickerson 530 US 428 and shows a clear abuse of judicial discretion in violation of established legislature passed down by congress and violation of petitioners due process rights in that Congress by statute has the final say. As petitioner was similarly situated as the rule of admissibility is enacted if a statement is voluntarily made. Meaning without compulsion. In the immediate cause statements were not voluntary as they were made due to a series of investigative interrogations. See transcript pgs EE 31-37, FF 11-18, FF 34, FF 52-64, WW 114-118

And no evidence made in violation of 5th & 6th amendment rights can be used to determine guilt in which petitioners statements were made in violation of right to counsel US v Massiah 377 US 201 as petitioner was similarly situated and decisions of defendants were made on the basis of some unjustifiable standard that did not give plaintiff a fair hearing or an opportunity to prove innocence. Exclusionary rule states an involuntary confession cannot be used for any purpose not even impeachment.

Had prosecution indicted petitioner by grand jury held after a preliminary hearing there would have been in which petitioner could have challenged admissibility there would have no adversarial proceedings, had petitioner had an attorney, there would have been no adversarial proceedings.

Wherefore, plaintiff is entitled to relief as a criminal defendant who challenges the voluntariness of a confession made against them has a due process right to a reliable determination that the confession was in fact voluntarily given. US ex rel Laudati v Ternullo 423 F Supp 1210

Defense counsel dayna woodbury did not raise an objection to introduction of statement, then filed a motion for retrial that had 3-5 lines to preserve the issue, Kristen Mueller did not raise any valid issue on appeal and this is what petitioner feels meets standard of forced labor under 18 USC 1589 by abuse of process & abuse of law. (see habeas corpus petition and exhibits) and when prosecutor has knowingly allowed false testimony to go uncorrected or has failed to produce requested evidence court must determine whether there was any reasonable likelihood that it affected fairness of defendants trial. Perkins v LeFevre 642 F 2d 37 and Suppression by government of evidence favorable to accused that is material to either guilt or punishment works due process violation under Brady regardless of prosecutors good faith or bad faith. US v WR Grace 401 F Supp 2d 1069 yet by the defense knowing of information withheld by prosecution, shows a knowing decision to allow plaintiffs rights to be violated

3

under 18 USC §3501(c)(c)(d)(e), Miranda v Arizona 96 S Ct 1602, Massiah v US 377 US 201, US v Dickerson 530 US 420, and US v Springer 420 F 2d 1344 also under People v Hendrix 54 Ill 2d 165; 295 NE 2d 724 Ginger Odom allowed for petitioners rights to be violated by trying to get petitioner to dismiss ~~appeal~~ when petitioner's Post-Conviction Petition was dismissed without prejudice and violated petitioners right to a hearing under the Post Conviction Hearing Act under 735 ILCS 5/122-1. (See record of appeal from trial court in Case # 11 0514) in which Judge Garner dismissed Petition without prejudice after ruling on the merits.

Actions of defendants shows a Knowing intent to abuse law and process under 18 USC §1509, 18 USC §1503, 18 USC §1510, 18 USC §1512, 18 USC §1513 as prosecutors, judges, attorneys, clerks have waived right to immunity as a state statute which provides that whenever it shall appear in the courts or county trying the case that the prosecution has been initiated without probable cause and from malicious motives, the name of the prosecutor shall be ascertained and stated in the findings and such prosecutor shall be adjudged to pay any cost and may be committed to pay any cost and committed to the county jail until the same are paid. Lowe v State of Kansas 16 S Ct 1013; 163 US 81 as defendants in the captioned case are similarly situated under 725 ILCS 5/110 A-25 (see exhibits) Eggar v City of Livingston 40 F 3d 312

Wherefore petitioner is entitled to relief requested and damages for defamation of character, wrongful incarceration and even though judges, lawyers, witnesses, jurors are privileged and cannot be held responsible for libel, one who repeats or publishes defamatory matter is just as ~~liable~~ liable as if he originated it. Petitioner seeks Criminal record maintained under seal pursuant CPLR §§160.50 160.60 First American Corp v Al-Nahra 2 F Supp 2d 58 also Chapin v Knight Ridder 993 F 2d 1087 and Gertz v Robert 94 S Ct 2997). Petitioner is entitled to a hearing on motion to dismiss void indictment under 725 ILCS 5/111-2 and Public Act 83-644 or currently Public Act 98-1174 and habeas corpus should issue under 28 USC §2254 as there is no evidence to support conviction with no statements made in violation of 5th, 6th, & 14th amendment

4/16/2015

Conway
M01100S
P O Box 99
Pontiac, Illinois
61764              4